IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEJANDRO RIVERA,

                                                                                  ORDER

                      Plaintiff,

                                                                               08-cv-515-slc

        v.

PETER HUIBREGTSE,
GARY BOUGHTON and
AMY SMITH,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

1

This is a proposed civil action for monetary relief, brought under 42 U.S.C. § 1983, in which plaintiff Alejandro Rivera, who is presently confined at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, alleges that he has been denied access to the courts because he was not allowed to speak to his attorney over the phone for several months. Plaintiff has paid the $350 filing fee and is represented by counsel. Nevertheless, because plaintiff is a prisoner, he is subject to the 1996 Prison Litigation Reform Act and cannot proceed with this action unless the court grants him permission to proceed. 28 U.S.C. § 1915A.

The 1996 Prison Litigation Reform Act requires the court to deny plaintiff permission to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A(b). I conclude that plaintiff's complaint violates Fed. R. Civ. P. 8 because he omits any allegations regarding what prejudice, if any, he suffered from not being able to speak with his attorney over the phone for three and a half months. Therefore, if he so chooses, plaintiff will have two weeks in which to amend his deficient complaint.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

2

A.  Parties

Plaintiff Alejandro Rivera is an inmate at Wisconsin Secure Program Facility in Boscobel, Wisconsin.  Defendant Peter Huibregtse is the warden and defendant Gary Boughton is the deputy warden at the Wisconsin Secure Program Facility.  Defendant Amy Smith is the secretary of the Wisconsin Department of Corrections.

B.  Plaintiff Attempt to Speak to His Attorney

On February 2, 2008, plaintiff was scheduled for a pre-approved phone call with his attorney, Thomas M. Bartell, Jr.  Bartell called plaintiff for the pre-approved call, but plaintiff was not allowed to return the phone call.  Plaintiff was told by Wisconsin Secure Program Facility employees that the call had been canceled and that he could not return his attorney's phone call unless he had an active court case.  According to the Wisconsin Secure Program Facility Segregated Inmate Handbook:

> Attorney phone call requests must be submitted to the Unit Social Worker for review and verification.  Permission for attorney phone calls will be given: (1) When the active case has a statutory time limit that would expire; (2) When you are unable to write.  If your attorney would like to speak to you by phone, he/she may call the institution to arrange a phone call.  A time and date will be set up for your attorney to call you.

On February 11, 2008, plaintiff filed an inmate complaint about being denied permission to return Bartell's phone call.  On February 13, 2008, defendant Boughton

3

responded to plaintiff's complaint. In his responsive memorandum, defendant Boughton explained that plaintiff had been denied permission to return his attorney's phone call because plaintiff's circumstances did not satisfy any of the administrative rules regarding inmate-attorney phone calls. On February 25, 2008, defendant Huibregtse officially dismissed plaintiff's complaint.

On March 2, 2008, plaintiff filed a second step complaint with the corrections complaint examiner. On April 17, 2008, defendant Smith accepted the corrections complaint examiner's recommendation and dismissed plaintiff's second step complaint because plaintiff failed to satisfy a provision of Wis. Admin. Code § DOC 309.405(4).

In April or May 2008, Bartell spoke with Department of Corrections officials and was allowed to have a phone conference with plaintiff on May 23, 2008. Over three and a half months had passed between Bartell's initial phone call and when plaintiff was permitted to speak with Bartell on the phone. During the three and half months, plaintiff was denied phone calls from his attorney and he was not permitted to return his attorney's phone calls. Defendants were responsible for denying plaintiff permission to speak with his attorney.

## DISCUSSION

Plaintiff contends that defendants denied him the right to gain access the courts because they prevented him from speaking with his attorney over the phone. The Court of

4

Appeals for the Seventh Circuit has made it clear that although notice pleading under Fed. R. Civ. P. 8 requires "'a short and plain statement of the claim' sufficient to notify defendants of the allegations against them[,] . . . as applied to prisoners who claim they have been denied access to the courts, notice pleading requires plaintiffs to 'make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.'" Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (quoting Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003)).  This requirement is not "an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to [the courts] and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." Id.

Plaintiff fails to allege what prejudice, if any, he suffered from not being able to speak with his attorney over the phone for three and a half months.  His complaint is completely void of any allegations that being denied permission to communicate with his attorney over the phone prevented him from pursuing any legitimate legal action.  Plaintiff's complaint violates Fed. R. Civ. P. 8 because he has failed to allege what prejudice he suffered.

In light of the clear case law regarding what allegations must accompany an access-to-the-courts claim, I find it somewhat troubling that plaintiff's attorney failed to provide the allegations necessary to correctly plead an access-to-the-courts claim.  Either plaintiff did not suffer any prejudice regarding a legitimate legal action or his attorney simply forgot to

5

include the allegations regarding the prejudice plaintiff suffered.  Because the latter may prove true, I will give plaintiff an opportunity to properly state an access-to-the-courts claim by permitting him to file an amended complaint that complies with Fed. R. Civ. P. 8 by including the prejudice plaintiff suffered.  Plaintiff's amended complaint must be filed by October 7, 2008, otherwise this case will be dismissed.

## ORDER

IT IS ORDERED that plaintiff Alejandro Rivera's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.  Plaintiff may have until October 8, 2008, in which to submit a proposed amended complaint that complies with this rule.  If, by October 8, 2008, plaintiff fails to file the required amended complaint or show cause for his failure to do so, then this case will be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and a strike will be recorded against plaintiff pursuant to § 1915(g).

Entered this 23rd day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge