IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEJANDRO RIVERA,

                                                    ORDER

                Plaintiff,

                                                  08-cv-515-slc[1]

     v.

PETER HUIBREGTSE,
GARY BOUGHTON and
AMY SMITH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 23, 2008, I screened plaintiff's original complaint under the 1996 Prison Litigation Reform Act, 28 U.S.C. § 1915A, and determined that plaintiff had failed to state a claim that he had been denied access to the courts "because he omit[ed] any allegations regarding what prejudice, if any, he suffered from not being able to speak with his attorney over the phone for three and a half months." Dkt. #3 at 2. I permitted plaintiff an opportunity to amend his complaint to include allegations explaining how he was prejudiced. Now plaintiff filed an amended complaint, dkt. #4, that must be screened. 28

---

[1]Consents to the magistrate judge's jurisdiction have not yet been filed by the parties to this action. Therefore, I am assuming jurisdiction over the case to issue this order.

1

U.S.C. § 1915A.  I conclude that plaintiff cannot proceed with his amended complaint because he has not cured the defect pointed out to him in this court's previous order.

In this court's previous order, dkt. #3 at 5, plaintiff was alerted to the requirement that a plaintiff claiming to have been denied access to the courts must "'make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.'" Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (quoting Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003)).  Plaintiff was permitted to amend his complaint in the event "his attorney simply forgot to include the allegations regarding *the* prejudice plaintiff suffered." Dkt. #3 at 5-6 (emphasis added).

Plaintiff responded to the defect with the following new paragraph:

> The plaintiff was denied his right to speak with his attorney and he was prejudiced in working on issues concerning his appeal from his criminal conviction and from contesting the conditions of his confinement as a result of the denial.

Even with this new allegation, plaintiff has failed to state a claim that he was denied access to the courts.  Plaintiff's allegation that "he was prejudiced" is not a factual allegation; it is a legal conclusion.  He does not provide the required specific allegations with respect to the alleged prejudice he suffered and, in fact, he fails to allege *what* prejudice he suffered, which is what was requested of him in the previous order.

Moreover, the documents attached to plaintiff's complaint establish that he was not prohibited entirely from communicating with his attorney because he was free to

2

communicate with him through the mail during those three and a half months. I cannot infer what prejudice, if any, plaintiff would have suffered because he was prohibited from telephone communication with his attorney for more than three months while still having the option to communicate in writing with his attorney. Therefore, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Alejandro Rivera's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to close the file.

Entered this 29th day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge