IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEJANDRO RIVERA,

                                                        ORDER

                Plaintiff,

                                                    08-cv-515-slc[1]

    v.

PETER HUIBREGTSE,
GARY BOUGHTON and
AMY SMITH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 29, 2008, plaintiff Alejandro Rivera filed a civil complaint against defendants Peter Huibregtse, Gary Boughton and Amy Smith alleging that defendants denied him access to the courts. On September 23, 2008, in screening plaintiff's complaint under the 1996 Prison Litigation Reform Act, I dismissed plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8 because of his failure "to 'make specific allegations as to the prejudice suffered'" with respect to his access-to-the-courts claim. Dkt. #3 at 5 (citing Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). However, I provided plaintiff with

---

[1] Because the parties never consented to the magistrate judge's jurisdiction, I continue to assume jurisdiction over this case.

"an opportunity to properly state an access-to-the-courts claim by permitting him to file an amended complaint that complies with Fed. R. Civ. P. 8 by including the prejudice plaintiff suffered." Dkt. #3 at 6.

Plaintiff filed a proposed amended complaint, dkt. #4, on October 8, 2008. Instead of providing the required specific allegations regarding what prejudice he suffered, plaintiff merely provided the legal conclusion that "he was prejudiced." Dkt. #5 at 2. Therefore, I dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted. Id. at 3. On October 29, 2008, judgment was entered dismissing plaintiff's case. Dkt. #6.

On November 10, 2008, plaintiff filed a motion for reconsideration. Dkt. #7. Although plaintiff characterized his motion as being brought under Fed. R. Civ. P. 60(b)(1), I construe his motion as being brought pursuant to Fed. R. Civ. P. 59. The purpose of a Rule 59 motion is to direct the court's attention to newly discovered evidence or to a manifest error of law or fact, Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000), whereas Rule 60(b)(1) is meant to provide relief for a mistake, inadvertence, surprise or excusable neglect. Plaintiff contends that it was "legal error" for the court to have dismissed his complaint for failure to state a claim. Accordingly, I construe his motion to be brought under Rule 59.

Under Rule 59(e), a motion to alter or amend the judgment must be filed within ten days of the date of entry of the judgment. Saturdays and Sundays are excluded from the

2

calculation, Fed. R. Civ. P. 6(a), and three days are added for service by mail, Fed. R. Civ. P. 6(e). Because petitioner's motion was filed on November 10, 2008, it is timely.

Motions for reconsideration are not meant to enable a party to complete presenting his case after the court has ruled against him. Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). Rather, "the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Charles v. Daley, 799 F.2d 343, 348 (7th Cir. l986). It is not intended as an opportunity to reargue the merits of a case, Neal v. Newspaper Holdings, Inc, 349 F.3d 363, 368 (7th Cir. 2003), or to present evidence that could have been presented at an earlier time. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006).

Plaintiff has not brought to this court's attention newly discovered evidence or a manifest error of law or fact. Plaintiff contends that it was manifest legal error to require him to plead more specific allegations than a statement that "he was prejudiced" because such a requirement placed an onerous fact-pleading burden on him. Plaintiff is incorrect. As I noted in the first order dismissing plaintiff's complaint, "[t]his requirement is 'not an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to [the courts] and an inability to pursue a legitimate challenge to a conviction, sentence or prison conditions.'" Dkt. #3 at 5 (quoting Marshall, 445 F.3d at 968). Plaintiff's statement that

3

"he was prejudiced" was not the "minimal detail" necessary to plead an access-to-the-court claim.

Moreover, although plaintiff attempts to add to his second amended complaint some specific allegations as to the prejudice he suffered, the evidence is not "new" because he could have presented it in either his original complaint or his first amended complaint. Plaintiff's reconsideration motion is merely an attempt to complete presenting his case after the court has ruled against him and therefore, the motion must be denied.

Additionally, plaintiff asks for leave to file a second amended complaint. Unless a judgment has been vacated or set aside pursuant to either Fed. R. Civ. P. 59(e) or 60(b), a plaintiff cannot amend his complaint. Sparrow v. Heller, 116 F.3d 204, 205 (7th Cir. 1997). Further, when there are no grounds on which to set aside a judgment, the court need not consider the merits of the motion to amend. Sigsworth v. City of Aurora, 487 F.3d 506, 512 (7th Cir. 2007) (citing Helm v. Resolution Trust Corp., 84 F.3d 874, 879 (7th Cir. 1996)). Because plaintiff's Rule 59 motion fails, that is, because plaintiff has not presented any newly discovered evidence or a manifest error of law, the judgment will not be set aside and his request to file a second amended complaint is moot.

On a final point, I note that although plaintiff's case has been dismissed without prejudice, he should be cautious about any future filing. Any new complaint regarding the allegations in this case will have to be screened. If in screening that complaint it is

determined that the case should be dismissed for a failure to state a claim upon which relief may be granted, the dismissal will be with prejudice.

## ORDER

IT IS ORDERED that plaintiff Alejandro Rivera's motion for reconsideration, dkt. #7, is DENIED.

Entered this 3rd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5